UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In the matter of ) | Case No. 20-cv- |
| ) | |
| G&J FISHERIES, INC ) | |
| Owner of F/V GEORGES BANKS, O.N. 10925237 ) | In Admiralty |
| Plaintiff, ) | |
| for Exoneration from or Limitation of Liability ) | |

**COMPLAINT FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY**

Plaintiff G&J Fisheries, Inc., owner of F/V GEORGES BANKS, O.N. 10925237 petitions the Court for Exoneration from or Limitation of Liability pursuant to the Limitation of Shipowners' Liability Act, 46 U.S.C. §§ 30501-12, and Supplemental Admiralty Rule F of the Federal Rules of Civil Procedure:

**Jurisdiction**

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333(1), Fed. R. Civ. P. 9(h), Supplemental Rule F, and 46 U.S.C. § 30511 and § 30502.

**Venue**

2. Venue is proper in the District of Massachusetts, Eastern Division, pursuant to Supplemental Rule F(9) because the Vessel has not been attached or arrested; no known suits have been commenced against its owner; the Vessel is located within the District; and this District is most convenient for the parties and witnesses.

**Parties**

3. Plaintiff G&J Fisheries, Inc. ("G&J" or "Plaintiff")) is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts and at all material times owned F/V GEORGES BANKS.

1

4. There were no officers, directors, or shareholders of G&J aboard the GEORGES BANKS during the voyage ending on or about November 17, 2017, including when personal injuries were allegedly sustained by Peter Amaral ("Amaral").

5. On information and belief, Peter Amaral lives in New Bedford, Massachusetts and claims to have been injured onboard GEORGES BANKS on or about November 14-17, 2017 while fishing within the navigable waters of the United States.

6. On information and belief, BHF Blue Eastern LLC, ("Blue Harvest") is a Limited Liability Company organized under the laws of the State of Delaware with offices located in New Bedford, Massachusetts. At all material times, Blue Harvest owned and operated F/V BLUE EASTERN, Official Number 930009.

## The November 14-17 Claim

7. At all times the GEORGES BANKS, together with its equipment, was maintained by G&J in a seaworthy and safe condition.

8. GEORGES BANKS, with Amaral included as a fill in crewmember, was fishing for scallops in federal waters on or about November 14-17, 2017.

9. On or about November 16-17, 2017, Amaral claimed he injured his lower back and leg while lifting a basket of scallops onboard GEORGES BANKS.

10. Thereafter, Amaral claimed he slipped and fell onboard GEORGES BANKS on or about November 14, 2017. There were no witnesses to this claimed fall.

11. Amaral was diagnosed with myofascial pain, completed a course of physical therapy, and was released to work full duty without any restrictions by his treating physician on or about October 4, 2018.

12. Amaral's treating physician found him at Maximum Medical Improvement on or about October 4, 2018 with respect to the claimed November 14-17, 2017 injury.

13. Since his claimed November 14-17, 2017 injury, Amaral has not worked onboard the Vessel and has not worked for G&J.

14. On or about October 15, 2018, Amaral began working onboard BLUE EASTERN for Blue Harvest, which involves repetitive lifting.

15. Amaral aggravated his back pain while working onboard BLUE EASTERN, and he was discharged from the BLUE EASTERN to shore on or about October 29, 2018.

16. Amaral claims to be in pain and unable to work as a commercial fisherman since departing BLUE EASTERN on October 29, 2018.

17. Any and all injuries damages, and losses claimed to have resulted from GEORGES BANKS' voyage ending on or about November 17, 2017, including personal injuries allegedly sustained by Amaral, were not caused or contributed to by any breach of applicable statutes or regulations, or any type of unseaworthiness, fault, neglect, or lack of reasonable care by or on the part of G&J or GEORGES BANKS.

18. Alternatively, any breach of applicable statutes or regulations, or any type of unseaworthiness, fault, neglect, or lack of reasonable care by or on the part of G&J or GEORGES BANKS, that might have contributed to any and all alleged injuries, damages, and losses from the voyage ending on or about November 17, 2017, including personal injuries allegedly sustained by Amaral, were occasioned and incurred without the privity or knowledge of G&J and/or were occasioned and incurred due to the fault of other parties whose actions and/or inactions are not G&J's responsibility.

19. Plaintiff does not know the total amount of the claims that may be made for injuries, damages, and losses allegedly sustained by Amaral or others during the voyage ending on or about November 17, 2017.

20. Plaintiff expects that formal claims based on those injuries, damages, and losses will be presented in due course and that the total claims will exceed the post-casualty value of the GEORGES BANKS.

21. Plaintiff received Amaral's first demand for damages beyond Maintenance and Cure (which is not subject to the Limitation Act) on April 22, 2020.

### Value

22. Per the Appraisal Report of Michael Collyer, filed herewith, the post-casualty value of the GEORGES BANKS does not exceed $1,300,000.00. In addition, Plaintiff's net fishing catch from the trip ending on or about November 17, 2017 was $28,253.03.

### Exoneration/Limitation

23. G&J seeks exoneration from liability for any and all injuries, damages, and losses of any kind arising from the voyage ending on or about November 17, 2017, including personal injuries allegedly sustained by Amaral, as well as any other damages or claimed losses incurred which have been and/or may hereafter be asserted, and G&J states that it has valid defenses on the facts and the law.

24. G&J alternatively seeks limitation of its liability for any and all injuries, damages, and losses of any kind arising from the voyage ending on or about November 17, 2017, including personal injuries allegedly sustained by Amaral, pursuant to 46 U.S.C. §§ 30501-12, Supplemental Rule F, and case law, and to that end files herewith a Stipulation of Appraised Value of Plaintiff's Interest in GEORGES

BANKS equal to $1,328,253.03 plus $500.00 for costs and 6% interest per annum, for payment into Court as ordered.

### Relief Sought

WHEREFORE G&J Fisheries, Inc. requests the following relief:

1. That the Court approve the Stipulation of Appraised Value of Plaintiff's Interest in F/V GEORGES BANKS equal to $1,328,253.03, plus costs of $500.00 and 6% interest per annum, which represents (a) the value of plaintiff's interest in GEORGES BANKS after the voyage ending on or about November 17, 2017, including personal injuries allegedly sustained by Amaral, and (b) plaintiff's obligation to provide costs, in compliance with Supplemental Rule F(1) of the Federal Rules of Civil Procedure;

2. That on approving that security, the Court enter an injunctive order pursuant to Supplemental Rule F(3) ceasing and enjoining all lawsuits, causes of action, and claims against plaintiff arising from the voyage ending on or about November 17, 2017, including personal injuries allegedly sustained by Amaral, except in this civil action;

3. That plaintiff serve a copy of that injunctive order on any person to be enjoined or provide a copy to such person's counsel;

4. That the Court enter an order directing the issuance of a notice to claimants, pursuant to Supplemental Rule F(4);

5. That the Court adjudge plaintiff not liable for any and all injuries, damages, or losses arising from the voyage ending on or about November 17, 2017, including personal injuries allegedly sustained by Amaral, or that if plaintiff is held liable in any part, its liability shall be limited at a maximum to the value of its interest in GEORGES BANKS after that voyage, or $1,328,253.03, and that plaintiff be discharged from any such liability upon the surrender of such

interest, and that the money secured as aforesaid be divided *pro rata* among such claimants as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled, and that judgment may be entered discharging plaintiff from all further liability; and

    6. That plaintiff be provided such other and further relief as the Court may deem just and proper.

> Respectfully submitted,
> Plaintiff,
> G&J FISHERIES, INC.
>
> By its attorneys,
> **FARRELL SMITH O'CONNELL**
> **AARSHEIM APRANS, LLP**
>
> */s/ Olaf Aprans*
>
> _____
> **Olaf Aprans**
> BBO NO. 670434
> 27 Congress Street
> Suite 109
> Salem, MA 01970
> Tel: 978-744-8918
> Fax: 978-666-0383
> Email:
> olaf@fsofirm.com

## CERTIFICATE OF SERVICE

I certify that on July ~~July~~ September 16, 2020 I filed the above document via the Case Management/ Electronic Case Filing System, through which a copy will be electronically delivered to all attorneys who are listed as registered participants in connection with this case.

> */s/ Olaf Aprans*

## VERIFICATION

I, Scott Raposa, depose and state:

I am President of G&J Fisheries, Inc., which owns the F/V GEORGES BANKS allegedly involved in Amaral's alleged injuries from a fishing trip ending on or about November 17, 2017, described in the above Complaint.

I have read the Complaint, which is true and accurate to the best of my knowledge.

I verify and declare under the pain and penalty of perjury of the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed August 5, 2020.

_____
Scott Raposa