UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In the Matter of the Complaint and Petition of G&J Fisheries, Inc. as owner of the F/V GEORGES BANKS, O.N. 10925237 for Exoneration from or Limitation of Liability | ) ) ) ) ) ) ) Civil No. 20-11703-LTS |

ORDER ON BHF BLUE EASTERN, LLC'S
MOTION FOR SUMMARY JUDGMENT (DOC. NO. 164)

February 26, 2024

SOROKIN, J.

G&J Fisheries, Inc. ("G&J") initiated the present action with a petition for Exoneration from or Limitation of Liability pursuant to the Limitation of Shipowners' Liability Act, 46 U.S.C. §§ 30501-12. See Doc. No. 1.[1] In response, Peter Amaral and BHF Blue Eastern, LLC ("Blue Eastern") filed respective claims. See Doc. Nos. 9, 13. Because Amaral has not brought a claim directly against Blue Eastern, Blue Eastern's claims for indemnity and contribution against G&J, Doc. No. 13 at 4, are essentially moot. Presently, the remaining claims requiring resolution are: (1) Amaral's claims of Jones Act negligence and unseaworthiness against G&J, Doc. No. 9 at 5-8; (2) Amaral's claim of Jones Act negligence against the F/V GEORGES BANKS, id. at 8-10; and (3) G&J's counterclaims against Blue Eastern for indemnity and contribution, Doc. No. 22 at 3. Now pending is Blue Eastern's Motion for Summary Judgment ("Motion") on the two counterclaims G&J brought against it. Doc. No. 164.

---

[1] Citations to "Doc. No. __" reference documents appearing on the court's electronic docketing system. Pincites are to the page numbers in the ECF header.

In resolving the Motion, which is fully briefed, see Doc. Nos. 165, 195, 197, 246, the Court applies the familiar summary judgment framework. Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court is "obliged to []view the record in the light most favorable to the nonmoving party"—here, G&J—"and to draw all reasonable inferences in the nonmoving party's favor." LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993). Applying this standard, the Motion is DENIED.

Put simply, considering the record through the G&J-friendly lens the Court must apply at this juncture, material fact disputes exist which cannot be resolved short of trial. For example, the parties dispute whether Amaral's injury arose because the cutting room of G&J's vessel was crowded. Compare, e.g., Doc. No. 247 ¶ 170 (reflecting Blue Eastern's reliance on Amaral's testimony to assert that the "cutting box on the Georges Banks was over-crowded," forcing Amaral to lift differently), with Doc. No. 200-8 at 14 (reflecting Captain Branco's rejection of Amaral's account because "it was a slow trip" and "there is no way [for the] huge cutting box area to fill up" on such a trip). They also dispute whether Amaral's injury was tied in any way to his work on Blue Eastern's vessel. Compare, e.g., Doc. No. 165 at 5 (citing Doc. No. 200 ¶¶ 86-88 and pointing to expert testimony that there was no "intervening trauma aboard F/V BLUE EASTERN"), with Doc. No. 200 ¶¶ 194-99 (reflecting Amaral's treating physician testified the injury was "aggravated" by work performed for Blue Eastern).[2]

---

[2] This Court's ruling made in the prior declaratory judgment action that Amaral reached Maximum Medical Improvement on October 4, 2018, see Doc. No. 200 ¶ 12, does not terminate G&J's potential exposure to damages after that date as a matter of law. It was simply a determination that Amaral would not further improve for purposes of maintenance and cure.

2

The Court makes one other observation. The present circumstances are somewhat unusual. Both G&J and Blue Eastern contend that their lifting practices were not negligent and that their respective vessels were seaworthy. See Doc. No. 165 at 6; Doc. No. 195 at 12. Further, both dispute the testimony of expert Scott Fulmer, on whom Amaral's lifting theories depend. See Doc. No. 165 at 4-5; Doc. No. 195 at 15. Nonetheless, the jury's resolution of disputed fact questions such as those noted above will dictate whether Amaral prevails in the present litigation; if he does prevail, on what theory or findings he does so; and, in light of such findings, whether G&J, Blue Eastern, or both are liable.

Accordingly, Blue Eastern's Motion for Summary Judgment, Doc. No. 164, is DENIED.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge